FILED'06 JUL 17 15:20USDC-ORP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDRITZ INC., a Delaware corporation, | Civil No. 05-1866-HA |
| Plaintiff, | ORDER |
| v. | |
| GARY PRUE, an individual, and J&L FIBER SERVICES, a Wisconsin corporation, | |
| Defendants. | |

HAGGERTY, Chief Judge:

Defendants move to dismiss claims Six and Ten of plaintiff's Second Amended Complaint for failure to state a claim upon which relief can be granted. The Sixth Claim for Relief alleges misappropriation of trade secrets in violation of the Oregon Uniform Trade Secrets Act. The Tenth Claim for Relief alleges a breach of implied contractual duties of good faith and

1 -- ORDER

fair dealing. For the following reasons, defendants' motion is granted in part.

## ANALYSIS

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his [or her] claim" that would entitle plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of a motion to dismiss, the Complaint must be construed liberally in favor of plaintiff, and all factual allegations set forth in the Complaint are to be accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004). A motion to dismiss for failure to state a claim is granted only if, after accepting all well-pleaded allegations in the Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is deemed not entitled to relief. *Id.*

Defendants move to dismiss on the grounds that the allegations of trade secret violations are pled with insufficient specificity. Plaintiff argues that more specificity is unnecessary until the summary judgment stage. Alternatively, plaintiff requests the opportunity to file a more specific statement under seal if more specificity is required.

After reviewing the pleadings and applicable law, plaintiff is ordered to file, under seal, a more specific statement of the allegedly misappropriated trade secrets. This statement shall be filed on or before August 11, 2006.

Defendants also move to strike the allegations of a breach of the implied duties of good faith and fair dealing that are based upon the allegations of trade secret misappropriation, arguing that such claims are preempted by the Oregon Uniform Trade Secrets Act (OUTSA). This Act preempts claims in tort, but does not preempt actions seeking contractual remedies. *Acrymed,*

2 -- ORDER

*Inc. v. Convatec,* 317 F. Supp. 2d 1204, 1217 (D. Or. 2004).

Defendants argue that plaintiff failed to allege a breach of the implied contractual duty of good faith and that plaintiff's assertion that the claim is based in contract is merely an attempt to improperly amend the Complaint. This court disagrees. The Second Amended Complaint alleges in the Tenth Claim for Relief that defendants' behavior "was not within the objectively reasonable expectations of [plaintiff] and constitutes a breach of [defendants'] implied *contractual* duty of good faith and fair dealing." Second Amended Complaint, ¶ 64 (emphasis added). Accordingly, the claim is not preempted by OUTSA. *Acrymed,* 317 F. Supp. 2d at 1217.

## CONCLUSION

Defendants' Motion to Dismiss [23] is GRANTED in part. Plaintiffs must file, under seal, a more specific statement of the trade secrets that are alleged to have been misappropriated no later than August 11, 2006.

IT IS SO ORDERED.

Dated this __14__ day of July, 2006.

ANCER L. HAGGERTY
United States District Judge

3 -- ORDER